Ansel Ficklin, Appellant *v.* Commonwealth of Pennsylvania, Department of Public Welfare.

Submitted on briefs, March 11, 1977, to Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

*Ansel Ficklin*, appellant, for himself.

*Linda M. Gunn*, Assistant Attorney General, for appellee.

PER CURIAM MEMORANDUM OPINION AND ORDER, March 29, 1977:

The appellant, Ansel Ficklin, prior to September 22, 1975, resided with his wife and three children, one of which children attended college in Florida. Under the Aid For Dependent Children program, Mr. Ficklin and his wife received benefits through the Department of Public Welfare in the amount of $224.50 semi-monthly. On September 22, 1975 a domestic quarrel resulted in Mr. Ficklin's going to jail and in Mrs. Ficklin moving to her mother's residence with the children who were at home. On the same date Mrs. Ficklin went to the County Assistance Office and asked that the welfare check due in a few days be held and that the family's benefits be separated between her and the children on the one hand and Mr. Ficklin on the other. The County Office acceded to Mrs. Ficklin's request and by a process completed on October 10, 1975, separated the assistance checks, Mrs. Ficklin to receive $204.50 semi-monthly for her and the three children, and Mr. Ficklin to receive $82.00 semi-monthly. Mr. Ficklin appealed from this determination. A hearing was conducted and the hearing examiner filed an adjudication affirming the Department's action. Mr. Ficklin has appealed from that determination.

The record supports the hearing examiner's findings of fact. The only point of law which we discern in the record is that of whether Mr. Ficklin was provided with the correct notice of the Department's action separating his and the rest of his family's cases. The notice provided to him on October 4, 1975, after two visits by him to the County Assistance Office, was a notice numbered PA 162-C, also called a confirming notice. This stated that the separation of his and the rest of the family's cases had in fact taken place. Regulations of the Department of Welfare also provide for a form PA 162-A, the function of which is to

notify the client in advance of a change in benefits. Since the separation action was provided after Mr. Ficklin had twice explained why he believed the cases should not be separated and that he should continue to receive the full grant, we find no violation of his right to procedural due process in the subsequent determination adverse to him. The case, therefore, comes down to whether in the circumstances PA form 162-A rather than PA form 162-C should have been used. PA 162-C, the confirming notice, is authorized by Section 3512.31(b)(5) to be used in, among other circumstances, where there is evidence from a responsible source that clients are not living at their given address. We find no error in the Department's determination that Mrs. Ficklin was a responsible source for information that she and the children, four of the five clients, had a new address; or in its action, after independently ascertaining that Mrs. Ficklin and the children were living apart from Mr. Ficklin, of separating the assistance checks.

We therefore enter the following

### Order

And Now, this 29th day of March, 1977, it is Ordered that the appeal of Ansel Ficklin herein be and it is hereby dismissed.